IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

IN RE: CRAIGHEAD COUNTY FAIR ASSOCIATION     CASE NO. 3:14-BK-15490
           DEBTOR                                                          CHAPTER 11

## MOTION TO ASSUME EXECUTORY CONTRACTS

COMES NOW the Debtor, Craighead County Fair Association, by and through its attorney, James F. Dowden, PA, and for its Motion to Assume Executory Contracts, states as follows:

1. Venue and jurisdiction are proper in this Court.

2. Debtor filed this Chapter 11 Case on October 13, 2014.

3. Debtor owns several tracts of real estate, some of which will need to be sold in order to achieve a successful reorganization.

4. Attached are listing agreements executed pre-petition between the Debtor and Haag Brown Commercial, employing Haag Brown as listing agent to handle the sale of approximately 15 acres commonly known as the "old fairgrounds".

5. The attached Exclusive Right to Sell/Lease Agreements (Commercial) represent the specific executory contracts Debtor wishes to assume. Debtor represents assumption of these agreements to be in the best interest of the Debtor.

WHEREFORE, Debtor, Craighead County Fair Association, prays the attached agreements be assumed as executory contracts.

                                                     Respectfully submitted,

                                                     /s/ James F. Dowden
                                                     James F. Dowden, P.A. (77046)
                                                     Counsel for Debtor
                                                     212 Center Street, Tenth Floor
                                                     Little Rock, Arkansas 72201
                                                     501-324-4700 Phone
                                                     501-374-5463 Fax
                                                     jfdowden@swbell.net

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing pleading has been forwarded by the Court's electronic notification system and US Mail to the following on this 12th day of November, 2014.

      US Trustee, Via ECF

      Haag Brown Commercial
      2915 Browns Lane
      Jonesboro, AR  72401

      All Creditors on the Court's Matrix

                                        /s/ James F. Dowden
                                        James F. Dowden

## NOTICE

Notice is hereby given that James F. Dowden has filed this motion on November 12, 2014.  Any objections or responses to the motion must be filed with the Clerk of the United States Bankruptcy Court at 300 West Second Street in Little Rock, Arkansas  72201, and a copy served on the Debtor no later than December 3, 2014.  If no objections or responses are timely filed, the Court will enter an order approving the motion.

# Exclusive Right-to-Sell/Lease Agreement (Commercial)

Page 1 of 6

060253-00134-8847699

Form Serial Number: ~~007469-600134-8847584~~

 

Copyright 2012 Arkansas REALTORS® Association

**1. AUTHORITY:** In consideration of the services of _____**HAAG BROWN COMMERCIAL**_____ _____ (by and through the Principal Broker or agent thereof assigned by Listing Firm) (hereafter collectively called "Listing Firm") and efforts on its part and at its expense while acting as agent for the real property described in Paragraph 2 hereof (the "Property"), and _____**CRAIGHEAD COUNTY FAIR ASSOCIATION INC**_____ _____ being the sole owner(s) of the Property (hereafter called "Seller"), agree that Listing Firm shall have the exclusive right to assist in the possible [X] sale, [ ] exchange, [ ] lease, [ ] rental (check all that apply) of the Property for the Listing Period described in Paragraph 4. Seller does hereby certify and represent that Seller has peaceable possession of the Property, including all improvements and fixtures thereon, and the legal authority and capacity to convey the Property by a good and sufficient general warranty deed if sale or exchange or enter into a Lease or Rental Agreement in the case of lease or rental..

**2. ADDRESS AND LEGAL DESCRIPTION OF THE PROPERTY:**
*LOT 5R-1 of FloyRed Commons Commercial Park, Jonesboro, AR 72401 (See Ex. E)*
*LOT 5R-2 of FloyRed Commons Commercial Park, Jonesboro, AR 72401 (See Ex. E)*
*LOT 5R-3 of FloyRed Commons Commercial Park, Jonesboro, AR 72401 (See Ex. E)*

**3. OFFERING:** Seller agrees to refer to Listing Firm all offers and inquiries received directly by Seller regarding the Property during the term of this Exclusive Right-to-Sell Agreement. Listing Firm agrees to use reasonable effort to solicit offers for the Property as follows:

[X] A. Gross Selling Price: $ __**3,194,220**__ and terms of:
*LOT 5R-1...44,388 sf...$20 psf...$887,760; LOT 5R-2...52,550 sf...$20 psf... $1,051,000; LOT 5R-3...62,773 sf...$20PSF...$1,255,460*

[ ] B. Lease or Rental Rate: $_____ and terms of:

Listing Firm will present for Seller's consideration any offer to purchase, lease or rent the Property regardless of choices in Paragraph 10.

**4. LISTING PERIOD:** This listing begins at 12:01 a.m. on (month) __*September*__, (day) __*28*__, (year) __*2012*__, and expires at 11:59 p.m. on (month) __*October*__, (day) __*31*__, (year) __*2013*__, unless extended by mutual written agreement of Seller and Listing Firm (the "Listing Period").

**5. CONVEYANCE:** In case of sale or exchange or unless otherwise specified, conveyance of the Property shall be made to any person (hereinafter called "Buyer") submitting an offer that is accepted by Seller and such conveyance shall be made as directed by Buyer, in fee simple absolute by warranty deed. **Unless expressly reserved herein, Listing Firm may represent to the public that the Property is to be sold inclusive of all mineral rights owned by Seller concerning the Property, if any.** Seller warrants and represents to Listing Firm and authorizes Listing Firm to inform prospective buyers that only the signatures set forth below are required to transfer legal title to the Property.

In the case the Property shall be leased or rented to any person (hereinafter called "Tenant") or the property shall be sold or exchanged to any person (hereinafter called "Buyer") submitting an offer that is accepted by Seller, such conveyance shall be made by Seller to Buyer or Tenant (as directed by Buyer or Tenant). A conveyance to Buyer shall be made in fee simple absolute by warranty deed. **Unless expressly reserved herein, Listing Firm may represent to the public that the Property is to be sold inclusive of mineral rights owned by Seller concerning the Property, if any.** Seller warrants and represents to Listing Firm and authorizes Listing Firm to inform prospective tenant or buyer that only the signatures set forth below are required to lease, rent or convey the property.

**6. ABSTRACT OR TITLE INSURANCE:** In case of sale or exchange, Seller has legal ability to furnish Buyer evidence of good merchantable title by: (i) current and complete abstract of title or (ii) title insurance in the amount of any agreed-upon purchase price.

(Page 1 of 6)      Form #ARA24, Rev. 110110

formsimplicity

# Exclusive Right-to-Sell/Lease Agreement (Commercial)
Page 1 of 6

 

Copyright 2012 Arkansas REALTORS® Association

Form Serial Number: 060253-000134-8847699

**1. AUTHORITY:** In consideration of the services of **HAAG BROWN COMMERCIAL** _____ (by and through the Principal Broker or agent thereof assigned by Listing Firm) (hereafter collectively called "Listing Firm") and efforts on its part and at its expense while acting as agent for the real property described in Paragraph 2 hereof (the "Property"), and **CRAIGHEAD COUNTY FAIR ASSOCIATION INC** being the sole owner(s) of the Property (hereafter called "Seller"), agree that Listing Firm shall have the exclusive right to assist in the possible [X] sale, [ ] exchange, [ ] lease, [ ] rental (check all that apply) of the Property for the Listing Period described in Paragraph 4. Seller does hereby certify and represent that Seller has peaceable possession of the Property, including all improvements and fixtures thereon, and the legal authority and capacity to convey the Property by a good and sufficient general warranty deed if sale or exchange or enter into a Lease or Rental Agreement in the case of lease or rental.

**2. ADDRESS AND LEGAL DESCRIPTION OF THE PROPERTY:**
*LOT 2 of FloyRed Commons Commercial Park, Jonesboro, AR 72401 (See Ex. E)*
*LOT 7 of FloyRed Commons Commercial Park, Jonesboro, AR 72401 (See Ex. E)*
*LOT 9 of FloyRed Commons Commercial Park, Jonesboro, AR 72401 (See Ex. E)*

**3. OFFERING:** Seller agrees to refer to Listing Firm all offers and inquiries received directly by Seller regarding the Property during the term of this Exclusive Right-to-Sell Agreement. Listing Firm agrees to use reasonable effort to solicit offers for the Property as follows:

[X] A. Gross Selling Price: $ **11,156,260** and terms of:
*(SEE ATTACHED EXHIBIT E FOR PRICE BREAKDOWN)*

[ ] B. Lease or Rental Rate: $_____ and terms of

Listing Firm will present for Seller's consideration any offer to purchase, lease or rent the Property regardless of choices in Paragraph 10

**4. LISTING PERIOD:** This listing begins at 12:01 a.m. on (month) **September**, (day) **28**, (year) **2012**, and expires at 11:59 p.m. on (month) **October**, (day) **31**, (year) **2013**, unless extended by mutual written agreement of Seller and Listing Firm (the "Listing Period").

**5. CONVEYANCE:** In case of sale or exchange or unless otherwise specified, conveyance of the Property shall be made to any person (hereinafter called "Buyer") submitting an offer that is accepted by Seller and such conveyance shall be made as directed by Buyer, in fee simple absolute by warranty deed. **Unless expressly reserved herein, Listing Firm may represent to the public that the Property is to be sold inclusive of all mineral rights owned by Seller concerning the Property, if any.** Seller warrants and represents to Listing Firm and authorizes Listing Firm to inform prospective buyers that only the signatures set forth below are required to transfer legal title to the Property.

In the case the Property shall be leased or rented to any person (hereinafter called "Tenant") or the property shall be sold or exchanged to any person (hereinafter called "Buyer") submitting an offer that is accepted by Seller, such conveyance shall be made by Seller to Buyer or Tenant (as directed by Buyer or Tenant). A conveyance to Buyer shall be made in fee simple absolute by warranty deed. **Unless expressly reserved herein, Listing Firm may represent to the public that the Property is to be sold inclusive of mineral rights owned by Seller concerning the Property, if any.** Seller warrants and represents to Listing Firm and authorizes Listing Firm to inform prospective tenant or buyer that only the signatures set forth below are required to lease, rent or convey the property.

**6. ABSTRACT OR TITLE INSURANCE:** In case of sale or exchange, Seller has legal ability to furnish Buyer evidence of good merchantable title by: (i) current and complete abstract of title or (ii) title insurance in the amount of any agreed-upon purchase price.

(Page 1 of 6)      Form #ARA24, Rev. 110110

formsimplicity

# Exclusive Right-to-Sell/Lease Agreement (Commercial)

Page 2 of 6

 

Copyright 2012 Arkansas REALTORS® Association

Form Serial Number: *060253-000134-8847699*

**7. LISTING FIRM'S FEE:** Regardless of the scope of the listing as set forth in Paragraph 1 of this Exclusive Right-to-Sell Agreement, if said Property is sold, exchanged, leased, rented or otherwise disposed of by Listing Firm or any other person, association, corporation or by Seller during the Listing Period of this Exclusive Right-to-Sell Agreement, whether on terms set forth in this Exclusive Right-to-Sell Agreement or on other terms acceptable to Seller, Seller agrees to pay Listing Firm a professional fee of either:

[x] A. _____*SIX*_____ percent (_____*6*_____%) of the gross amount of any accepted Real Estate Contract or value of any property exchanged for the Property plus $_____*0*_____ for professional services rendered; or

[ ] B. as specified on Exhibit _____ or in Paragraph 17 ("Special Conditions") of this Exclusive Right-to-Sell Agreement, based on the gross amount of the sale or of the value at which it may be exchanged for other Property or on the rate at which the Property may be leased or rented for professional services rendered.

If co-brokerage applies, said fee shall be divided:

[x] (i) _____*3*_____% of the Purchase Price plus $_____*0*_____ to Listing Firm and
_____*3*_____% of the Purchase Price to Selling Firm.

[ ] (ii) Other: _____

In consideration for Seller's promise contained within this Paragraph 7, Listing Firm promises to Seller that it will use reasonable effort to market the property and obtain an offer to purchase, lease or rent (whichever applies) the Property with terms and conditions acceptable to Seller, provide additional marketing services as deemed appropriate by Listing Firm and coordinate the closing. Seller agrees that Listing Firm is not required to investigate the financial or other ability of a prospective buyer or tenant to consummate any proposed or accepted Real Estate Contract, Lease or Rental Agreement. Seller will not owe a fee to Listing Firm if a buyer or tenant does not meet all the conditions of the Real Estate Contract, Lease or Rental Agreement and is not contractually obligated to close.

**8. EXPIRED LISTING CONDITIONS:** Seller agrees to pay the professional fee set forth in Paragraph 7 to Listing Firm if the Property is sold, leased, rented or otherwise disposed of:

A. during the Listing Period, as defined in Paragraph 4;

B. during a period of _____*60*_____ days (the "Post-Term Period") after the Listing Period when information given by or obtained through Listing Firm during the Listing Period resulted in or contributed in any manner to the sale, disposal, lease or rental of the Property, regardless of procuring cause; or

C. at any time after expiration or termination of this Exclusive Right-to-Sell Agreement (including termination by Listing Firm as specified in Paragraph 9 below) when information obtained through Listing Firm during the Listing Period was the procuring cause of the sale, disposal, lease or rental of the Property.

However, if Seller employs another real estate firm as exclusive agent for marketing the Property after expiration of this Exclusive Right-to-Sell Agreement, Seller shall pay only one professional fee, and that to the currently employed real estate firm.

**9. CANCELLATION:** Seller may cancel this Exclusive Right-to-Sell Agreement prior to its expiration date without in any manner affecting the indemnities provided by Paragraph 16 and the provisions of Paragraph 8. Such cancellation will be effective only after: 1) Seller has provided written notice to Listing Firm, sent by United States certified mail, return receipt required, and 2) Seven (7) calendar days have elapsed since such written notice was received by Listing Firm. Upon the effective date of cancellation, Seller shall be liable to Listing Firm for a cancellation fee equal to:

[ ] A. the same fee as though a transaction were accomplished upon the authorized terms.

[x] B. the liquidated sum of $ *SEE PAR. 16*, it being agreed by Seller and Listing Firm the liquidated sum is not a penalty and is agreed to because damages incurred by Listing Firm resulting from cancellation by Seller will be difficult to ascertain, and the amount set forth in the blank (even if $0) shall be in addition to and not a limitation of the sums due Listing Firm pursuant to Paragraph 8 (Expired Listing Conditions) of this Exclusive Right-to-Sell/Lease Agreement. Listing Firm may cancel this Exclusive Right-to-Sell/Lease Agreement at any time, with or without cause, by providing written notice to Seller. In the event of cancellation by Listing Firm, Seller shall not be responsible for compensation to Listing Firm unless (i) Seller shall have breached the terms of this Exclusive Right-to-Sell/Lease Agreement or (ii) Listing Firm is entitled to compensation pursuant to Paragraphs 7 and 8.

(Page 2 of 6) Form #ARA24, Rev. 110110

# Exclusive Right-to-Sell/Lease Agreement (Commercial)

Page 3 of 6

 

Copyright 2012 Arkansas REALTORS® Association

Form Serial Number: 060253-000134-8847699

**10. TYPES OF AGENCY:** Seller fully understands the agency options available below and agrees that Listing Firm will be the agent of Seller and will market the Property utilizing the agency options selected below. However, Listing Firm will present to Seller all offers received regardless of agency options selected.

In addition to Listing Firm marketing the Property to prospective buyers or tenants, Seller chooses to allow Listing Firm to use the following options (Choose as many options as desired to market Property):

- ☐ **A. SUBAGENCY:** Seller hereby authorizes Listing Firm to offer Subagency to real estate licensees other than Listing Firm and acknowledges that Seller may be responsible for the actions of Listing Firm and any subagents who accept the offer of Subagency. Listing Firm will provide disclosures and information about the Property necessary to assist Listing Firm and any subagents in performing their duties and responsibilities to Seller. Seller authorizes Listing Firm to pay from Listing Firm's fee agreed upon in Paragraph 7 a share deemed competitive, Listing Firm's policy having been explained to and hereby acknowledged by Seller.

  **NOTE:** Seller understands if Subagency is the only option selected any prospective buyers or tenants represented by Listing Firm will not be shown the Property. Seller further understands that real estate licensees other than Listing Firm may forego presenting the Property to their clients.

- ☒ **B. BUYER OR TENANT AGENCY:** Seller acknowledges Listing Firm is employed by Seller and Selling Firm is employed by Buyer or Tenant. All licensees associated with Selling Firm are employed by, represent, and are responsible to Buyer or Tenant. Seller authorizes Listing Firm to make payment as authorized in Paragraph 7.

- ☒ **C. AGENT REPRESENTS BOTH:** Seller hereby consents that Listing Firm may represent both Buyer or Tenant and Seller. Should Listing Firm represent both Seller and Buyer or Tenant, Seller agrees to the following:
  - (i) Listing/Selling Firm shall not be required to and shall not disclose to either Buyer or Tenant or Seller any personal, financial or other confidential information concerning the other party without the express written consent of that party; however, Buyer or Tenant and Seller agree Listing/Selling Firm shall disclose to Buyer or Tenant information known to Listing/Selling Firm related to defects in the Property and such information shall not be deemed "confidential information." Confidential information shall include but not be limited to any price Seller is willing to accept that is less than the Offering Price or any price Buyer or Tenant is willing to pay that is higher than that offered in writing.
  - (ii) By selecting this option 10C, Seller acknowledges that when Listing Firm represents both Seller and Buyer or Tenant, a possible conflict of interest exists, and Seller agrees to waive and forfeit individual rights to receive the undivided loyalty of Listing Firm.
  - (iii) Any claim now or hereafter arising out of any conflicts of interest from Listing Firm's representation of both Seller and Buyer or Tenant is waived.

**11. EARNEST MONEY:** In case of sale or exchange, Seller authorizes and instructs Listing Firm to accept and deposit in Listing Firm's trust account all Earnest Money received. Should a deposit of Earnest Money be forfeited, the money shall be divided as follows: Payment shall first be made of all direct expenses incurred in connection with the contemplated transaction, and the balance shall be divided one-half to Listing Firm and one-half to Seller, but in no event shall Listing Firm receive an amount in excess of the fee that would have been received if the sale had been consummated. If a dispute between Seller and any other person or entity arises concerning the Earnest Money, Seller authorizes Listing Firm to interplead the disputed Earnest Money in a court of law or to an arbitrator and to have Listing Firm's costs and attorney's fees paid from the funds entered for interpleading. Seller acknowledges and understands that Listing Firm is not responsible for obtaining good funds regarding Earnest Money tendered by prospective or actual buyers.

**12. FAIR HOUSING:** Seller agrees Listing Firm will market the Property to all interested persons without regard to race, color, religion, sex, national origin, handicap, familial status or sexual orientation. Additionally, Seller agrees that Listing Firm and Seller must comply with all state and federal laws while performing this Exclusive Right-to-Sell Agreement.

(Page 3 of 6)     Form #ARA24, Rev. 110110

formsimplicity

# Exclusive Right-to-Sell/Lease Agreement (Commercial)

Page 4 of 6



Copyright 2012 Arkansas REALTORS® Association

Form Serial Number: 060253-000134-8847699

**13. MULTI-LIST SERVICE AND INTERNET:** Seller warrants, represents and authorizes Listing Firm to offer the Property in a multi-list or co-op brokerage, subject to the options selected in Paragraph 10, and comply with all rules and regulations associated with multi-list or co-op brokerage.

Seller makes the following elections regarding the transfer of Property information by the Listing Firm's MultipleListing Service to other Internet websites: (Choose Option A or B)

[X] A. Seller elects to allow the transfer of Property information to other Internet websites to be displayed on the Internet.
  - [X] Seller elects to allow the address of the Property to be displayed on these Internet websites.
  - [X] Seller elects to allow the Property to have an auto valuation on these Internet websites.
  - [X] Seller elects to allow written comments or reviews (blogging) when the Property is displayed on these Internet websites.
  (If checking A, check all above that apply.)

[ ] B. Seller elects NOT to allow the transfer of Property information to other Internet websites. Seller understands and acknowledges that consumers who conduct searches for listings on the Internet may not see information about the Property in response to their search.

This election covers the transfer of information to other Internet websites by the Listing Firm's Multiple Listing Service. Listing Firm cannot control Property information appearing on Internet websites which obtain information from sources other than the Listing Firm's Multiple Listing Service.

**14. SELLER WARRANTY, REPRESENTATION AND AUTHORIZATION:** Seller warrants and represents to Listing Firm that no other exclusive representation or exclusive agency agreement is in force. Seller understands that if the warranty representation contained herein is not true, Seller is strongly encouraged to seek legal advice concerning the possibility of liability for two or more professional fees before signing this Exclusive Right-to-Sell Agreement. Unless otherwise specified, Seller warrants, represents and authorizes Listing Firm to take the following actions as deemed appropriate by Listing Firm:

A. divulge, with Seller's approval, the existence of offers on the Property in response to inquiries from potential buyers, tenants, renters or cooperating brokers;

B. display an offering sign;

C. use a key for entry when appropriate;

D. acquire all complete loan, utility, and other financial information reasonably necessary to market the Property;

E. add or change descriptive information when necessary to market the Property;

F. use reasonable effort to distribute any disclosure form provided to all prospective buyers in the case of sale or exchange unless contrary wishes are conveyed to Listing Firm by a prospective buyer;

G. use reasonable effort to discover other information that has a material effect on the value or desirability of the Property (Seller agrees that any disclosure form, if provided, contains all information that has a material effect on the value or desirability of the Property to Seller's knowledge);

H. advertise the Property when Listing Firm believes it is advantageous in marketing the Property;

I. photograph, videotape or reproduce the image of the interior and exterior of all Property described herein by any prospective buyer or tenant (including those produced by subagents or agents representing a person or entity other than Seller);

J. engage, at no cost to Seller, the services of a centralized appointment scheduling service to contact Seller for the purpose of scheduling appointments to view the Property to assist Listing Firm (and subagents thereof) and agents for persons interested in viewing the Property. Seller acknowledges such service will not be performed by licensed real estate agents or persons licensed with or employed by Listing Firm.

(Page 4 of 6)  Form #ARA24, Rev. 110110



# Exclusive Right-to-Sell/Lease Agreement (Commercial)

Page 5 of 6

 

Copyright 2012 Arkansas REALTORS® Association

Form Serial Number: *060253-000134-8847699*

**15. SELLER'S STATEMENT:** In the case of sale or exchange, Seller warrants that all information furnished to Listing Firm concerning the Property, including without limitation the information set forth in any disclosure form that may be attached hereto and incorporated herein, is complete and accurate to Seller's knowledge and that no material facts have been withheld from Listing Firm. Unless a potential buyer desires not to obtain a copy of a disclosure form (as evidenced by an oral statement or in a Real Estate Contract), Listing Firm is authorized to use reasonable effort to disclose to any member of the public interested in the Property any disclosure form that may be attached hereto, or any other material information known or made known to Listing Firm about the Property, including without limitation any defects relating to the Property. Seller agrees to defend, indemnify, save and hold Listing Firm harmless from all liability or claims arising from Seller's incorrect or undisclosed information. Seller agrees to notify Buyer and Listing Firm in writing of any changes in any disclosure form or otherwise concerning the Property that become known to Seller.

**16. LIMITATION OF RESPONSIBILITY:** Listing Firm shall not be responsible for the maintenance, repair or condition of the Property or for damage of any nature affecting the Property, unless such responsibility is assumed by Listing Firm by separate agreement. Seller hereby covenants and agrees to indemnify Listing Firm and hold Listing Firm harmless from any and all liability, obligations or demands made by third parties against Listing Firm as a result of Listing Firm's marketing of the Property, including but not limited to damage or injury to Property or persons and reasonable attorney's fees. Listing Firm encourages Seller to maintain insurance coverage to adequately protect the Property and those individuals who may be on the Property. Seller understands Listing Firm does not insure Seller's Property in any way.

**17. SPECIAL CONDITIONS:**
*IF THIS CONTRACT IS CANCELLED, THERE WILL BE NO PENALTY BUT, IF A CLOSING OCCURS WITH A BUYER THAT HAAG BROWN COMMERCIAL HAS WORKED WITH OR PROCURED DURING THIS LISTING AGREEMENT WITHIN ONE YEAR AFTER CANCELING, HAAG BROWN COMMERCIAL WILL BE OWED A FEE PURSUANT TO THIS AGREEMENT.*

formsimplicity

# Exclusive Right-to-Sell/Lease Agreement (Commercial)
Page 6 of 6



Copyright 2012 Arkansas REALTORS® Association

**18. ENTIRE AGREEMENT, MODIFICATION LIMITED:** This Exclusive Right-to-Sell Agreement constitutes the entire agreement concerning the subject matter hereof between Seller and Listing Firm and supersedes any previous oral or written agreement or understanding concerning the Property. This Exclusive Right-to-Sell Agreement may not be modified except in writing executed by both Seller and Listing Firm. Any contract entered into by Seller and Buyer or Tenant shall not affect this Exclusive Right-to-Sell Agreement.

**19. TIME:** Seller and Listing Firm agree time is of the essence with regard to all times and dates set forth in this Exclusive Right-to-Sell Agreement. Unless otherwise specified, days as it appears in this Exclusive Right-to-Sell Agreement shall mean calendar days. Further, all times and dates set forth in this Exclusive Right-to-Sell Agreement refer to Arkansas Central time and date.

**20. COUNTERPARTS:** This Exclusive Right-to-Sell Agreement may be executed in multiple counterparts each of which shall be regarded as an original hereof but all of which together shall constitute one in the same.

THIS IS A LEGALLY BINDING AGREEMENT WHEN SIGNED BY THE PARTIES BELOW. READ IT CAREFULLY. YOU MAY EMPLOY AN ATTORNEY TO DRAFT THIS FORM FOR YOU. IF YOU DO NOT UNDERSTAND THE EFFECT OF ANY PART, CONSULT YOUR ATTORNEY BEFORE SIGNING. REAL ESTATE AGENTS CANNOT GIVE YOU LEGAL ADVICE. THE PARTIES SIGNED BELOW WAIVE THEIR RIGHT TO HAVE AN ATTORNEY DRAFT THIS FORM AND HAVE AUTHORIZED THE REAL ESTATE AGENT(S) TO FILL IN THE BLANKS ON THIS FORM.

THIS FORM IS PRODUCED AND COPYRIGHTED BY THE ARKANSAS REALTORS® ASSOCIATION. THE SERIAL NUMBER BELOW IS A UNIQUE NUMBER NOT USED ON ANY OTHER FORM. THE SERIAL NUMBER BELOW SHOULD BE AN ORIGINAL PRINTING, NOT MACHINE COPIED, OTHERWISE THE FORM MAY HAVE BEEN ALTERED. DO NOT SIGN THIS FORM IF IT WAS PREPARED AFTER DECEMBER 31, 2012.

Form Serial Number: 060253-000134-8847699

The above Exclusive Right-to-Sell Agreement is executed on
(month) October (day) 09, (year) 2012, at 8:39 ☐ (a.m.) ☒ (p.m.)

Signature: _____   Signature: _[signed]_

Printed Name: **GREG HAAG**   Printed Name: **EDDIE BURRIS, PRESIDENT**
Principal or Supervising Broker   Seller

Signature: _[signed]_   Signature: _____

Printed Name: **JOSHUA H. BROWN**   Printed Name: _____
Assigned Agent   Seller

**HAAG BROWN COMMERCIAL**
Listing Firm   Seller's Address

City, State Zip

Seller's Phone

Seller's e-mail address

Seller's e-mail address

(Page 6 of 6)   Form #ARA24, Rev 110110

# Addendum to the Exclusive Right-to-Sell Agreement

Page 1 of 2




Copyright 2013 Arkansas REALTORS® Association

Form Serial Number: *029944-000139-7500246*

Regarding the Exclusive Right-to-Sell Agreement (Form Serial Number __*060253-000134-8847699*__ ) dated (month) __*October*__ (day) __*9*__, (year) __*2012*__, between __*Haag Brown Commercial*__ __*Haag Brown Commercial*__ (hereafter called "Listing Firm") and __*Craighead County Fair Association Inc.*__ (hereafter called "Seller") covering the real property known as __*Floy Red Commons*__ _____ (the "Property"), the following changes and/or additions apply:

### Offering Price Change

Seller agrees to allow Listing Firm to promote a new price on the Property. The current Offering Price is $ __*SEE-BELOW*__ and is now changed to $ __*SEE-BELOW*__.

### Expiration Date Change

Seller and Listing Firm agree to extend the current Exclusive Right-to-Sell Agreement expiration date from the current expiration date of (month) __*August*__, (day) __*31*__, (year) __*2014*__, to a new expiration date of (month) __*April*__, (day) __*30*__, (year) __*2015*__.

### Other Changes and/or Additions

*SEE ATTACHED EXHIBIT A FOR LOT 9 SPECIFICATIONS.*

*LOT 7 of FloyRed Commons Commercial Park - $1,890,322*

*LOT 9-1 of FloyRed Commons Commercial Park - $1,361,868*

*LOT 9-2 of FloyRed Commons Commercial Park - $2,080,000*

*LOT 9-3 of FloyRed Commons Commercial Park - $700,000*

*LOT 9-4 of FloyRed Commons Commercial Park - $1,044,000*

*THIS AGREEMENT IS SUBJECT TO APPROVAL BY THE CRAIGHEAD COUNTY FAIR ASSOCIATION BOARD.*

(Page 1 of 2)  Form #ARA22, Rev. 110112

Serial# 029944-000139-7500246
Prepared by Joshua Brown | HAAG BROWN COMMERCIAL | jbrown21@me.com |

# Addendum to the Exclusive Right-to-Sell Agreement

Page 2 of 2

 

Copyright 2013 Arkansas REALTORS® Association

This Addendum to the Exclusive Right-to-Sell Agreement, upon its execution by both parties, is herewith made an integral part of the aforementioned Exclusive Right-to-Sell Agreement.

All other terms as provided in the initial Exclusive Right-to-Sell Agreement are incorporated herein by reference and remain exactly as set forth therein, solely except those amended above.

This Addendum to the Exclusive Right-to-Sell Agreement may be executed in multiple counterparts each of which shall be regarded as an original hereof but all of which together shall constitute one in the same.

THIS IS A LEGALLY BINDING AGREEMENT WHEN SIGNED BY THE PARTIES BELOW. READ IT CAREFULLY. YOU MAY EMPLOY AN ATTORNEY TO DRAFT THIS FORM FOR YOU. IF YOU DO NOT UNDERSTAND THE EFFECT OF ANY PART, CONSULT YOUR ATTORNEY BEFORE SIGNING. REAL ESTATE AGENTS CANNOT GIVE YOU LEGAL ADVICE. THE PARTIES SIGNED BELOW WAIVE THEIR RIGHT TO HAVE AN ATTORNEY DRAFT THIS FORM AND HAVE AUTHORIZED THE REAL ESTATE AGENT(S) TO FILL IN THE BLANKS ON THIS FORM

THIS FORM IS PRODUCED AND COPYRIGHTED BY THE ARKANSAS REALTORS® ASSOCIATION. THE SERIAL NUMBER BELOW IS A UNIQUE NUMBER NOT USED ON ANY OTHER FORM. THE SERIAL NUMBER BELOW SHOULD BE AN ORIGINAL PRINTING, NOT MACHINE COPIED, OTHERWISE THE FORM MAY HAVE BEEN ALTERED. DO NOT SIGN THIS FORM IF IT WAS PREPARED AFTER DECEMBER 31, 2013.

FORM SERIAL NUMBER: 029944-000139-7500246

The above Addendum to the Exclusive Right-to-Sell Agreement is executed on
(month) __April__ (day) __14__, (year) __2014__, at __1:30__ ☐ (a.m.) ☑ (p.m.)

Signature: _____
Printed Name: __Greg Haag, CCIM__
Principal or Supervising Broker

Signature: _____
Printed: __DAN HOSMAN, PRESIDENT__
Seller

Signature: _____
Printed Name: __Joshua Brown, CCIM__
Assigned Agent

Signature: _____
Printed Name: _____
Seller

__Haag Brown Commercial__
Listing Firm

Seller's Address

City, State Zip

Seller's Phone

(THIS SPACE LEFT INTENTIONALLY BLANK)

(Page 2 of 2)                                    Form #ARA22, Rev. 110112

Serial# 029944-000139-7500246
Prepared by Joshua Brown | HAAG BROWN COMMERCIAL | jbrown21@me.com |

HAAG BROWN COMMERCIAL REAL ESTATE & DEVELOPMENT | INFO@HAAGBROWN.COM | 2915 BROWNS LANE, JONESBORO, AR 72401 | HAAGBROWN.COM

| COLOR | LOT NO. | AC | SF | PRICE | PRICE/SF |
|---|---|---|---|---|---|
| | 1 | 2.60 | 113,489 | $1,361,868 | $12.00 |
| | 2 | 6.00 | 260,000 | $2,080,000 | $8.00 |
| | 3 | 1.14 | 50,000 | $700,000 | $14.00 |
| | 4 | 2.00 | 87,000 | $1,044,000 | $12.00 |
| | TOTAL: | 11.74 AC | 510,489 SF | $5,185,868 | |

