IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

IN RE: CRAIGHEAD COUNTY FAIR ASSOCIATION     CASE NO. 3:14-BK-15490
DEBTOR     CHAPTER 11

## MOTION FOR SALE OF REAL ESTATE
## FREE AND CLEAR OF LIENS

COMES NOW the Debtor, Craighead County Fair Association, by and through its attorney, James F. Dowden, PA, and for its Motion for Sale of Real Estate Free and Clear of Liens, pursuant to Sec. 363 of the Code, states as follows:

1. Debtor filed this Chapter 11 on October 13, 2014.

2. At the time of the filing and for months prior thereto Debtor had been negotiating for a sale of real estate to Blackburn Properties of Texas, LTD ("Blackburn Properties").

3. Debtor has agreed to sell this approximate 11.74 acre tract at the southeast corner of Fairpark Boulevard and Parkwood Road in Jonesboro, Craighead County, Arkansas for $3,999,104.00. The subject real estate is more particularly described in the Title Commitment attached hereto as Exhibit "A".

4. On December 18, 2014 a Motion for Sale of Real Estate was filed (Doc. #54) for this real estate and an Order Granting the Motion was entered on January 16, 2015 (Doc. #57).

5. The closing of the sale has been delayed as the buyer continues to negotiate with tenants for the property and it is their desire to have these negotiations complete, or near complete, at the time of closing. The buyer has requested an extension of the examination period and an Amendment to the Earnest Money Contract has been agreed to by the parties. Said Amendment is attached hereto as Exhibit "B". Creditors are urged to read Exhibit "B" closely. Inter alia, Exhibit "B" ratifies the original contract previously approved by Order of this Court. Pursuant to

Sec. 363, liens will attach to the proceeds. The closing will occur at Nix Title Company in Jonesboro.

6. The real estate is not vital to Debtor's reorganization other than it will reduce secured debts by approximately $3,999,104.00.

7. Debtor avers the sale to be fair and reasonable and in the best interest of Creditors and this Estate.

WHEREFORE, the Debtor prays this Court enter an order authorizing the sale of real estate as set forth above and for all other proper relief to which it may be entitled.

Respectfully submitted,

*/s/ James F. Dowden*

James F. Dowden, P.A. (77046)
Counsel for Debtor
212 Center Street, Tenth Floor
Little Rock, Arkansas 72201
501-324-4700 Phone
501-374-5463 Fax
jfdowden@swbell.net

## CERTIFICATE OF SERVICE

I, James F. Dowden, do hereby certify that the foregoing pleading was forwarded on this ___19___ day of June, 2015 by electronic notification or by U.S. Mail to the following:

US Trustee – Via ECF

Michael Cureton, President
Craighead County Fair Association, Inc.
2731 E. Highland Dr.
Jonesboro, Arkansas 72401

Blackburn Properties of Texas, Ltd.
Attn: Paul K. Blackburn
8100 Broadway, Suite 205
San Antonio, Texas 78209

All Creditors on the Court's Creditor Matrix

_____
James F. Dowden

**NOTICE IS HEREBY GIVEN THAT JAMES F. DOWDEN HAS FILED THIS MOTION ON JUNE _19_, 2015. ANY OBJECTIONS OR RESPONSES TO THE MOTION MUST BE FILED WITH THE UNITED STATES BANKRUPTCY COURT AT 300 WEST SECOND STREET, LITTLE ROCK, AR 72201, WITH A COPY TO THE DEBTOR'S ATTORNEY, ON OR BEFORE JULY _10_, 2015. SHOULD NO OBJECTIONS BE FILED, THE COURT MAY ENTER AN ORDER APPROVING THIS MOTION WITHOUT FURTHER NOTICE.**

|  *First American Title*™ | **Commitment for Title Insurance** ISSUED BY First American Title Insurance Company |
|---|---|
| **Commitment** | |

FIRST AMERICAN TITLE INSURANCE COMPANY, a Nebraska corporation ("Company"), for a valuable consideration, commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the Proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest in the land described or referred to in Schedule A, upon payment of the premiums and charges and compliance with the Requirements; all subject to the provisions of Schedules A and B and to the Conditions of this Commitment.

This Commitment shall be effective only when the identity of the Proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A by the Company.

All liability and obligation under this Commitment shall cease and terminate 6 months after the Effective Date or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue the policy or policies is not the fault of the Company.

The Company will provide a sample of the policy form upon request.

First American Title Insurance Company
Countersigned By:
Nix Title Company

_____
Validating Officer or Agent
J. Robin Nix, II
Agent License #: 326664
State License #: 366970

IN WITNESS WHEREOF, First American Title Insurance Company has caused its corporate name to be affixed by its duly authorized officers on the Effective Date shown in Schedule A.

*First American Title Insurance Company*

Dennis J. Gilmore
President

Jeffrey S. Robinson
Secretary

(This Commitment is valid only when Schedules A and B are attached)   This jacket was created electronically and constitutes an original document

Copyright 2006-2009 American Land Title Association. All rights reserved. The use of this form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

| Form 5011605 (7-1-14)   Page 1 of 6 | EXHIBIT A | ALTA Commitment (6-17-06) Arkansas |

## CONDITIONS

1. The term mortgage, when used herein, shall include deed of trust, trust deed, or other security instrument.

2. If the proposed Insured has or acquired actual knowledge of any defect, lien, encumbrance, adverse claim or other matter affecting the estate or interest or mortgage thereon covered by this Commitment other than those shown in Schedule B hereof, and shall fail to disclose such knowledge to the Company in writing, the Company shall be relieved from liability for any loss or damage resulting from any act of reliance hereon to the extent the Company is prejudiced by failure to so disclose such knowledge. If the proposed Insured shall disclose such knowledge to the Company, or if the Company otherwise acquires actual knowledge of any such defect, lien, encumbrance, adverse claim or other matter, the Company at its option may amend Schedule B of this Commitment accordingly, but such amendment shall not relieve the Company from liability previously incurred pursuant to paragraph 3 of these Conditions.

3. Liability of the Company under this Commitment shall be only to the named proposed Insured and such parties included under the definition of Insured in the form of policy or policies committed for and only for actual loss incurred in reliance hereon in undertaking in good faith (a) to comply with the requirements hereof, or (b) to eliminate exceptions shown in Schedule B, or (c) to acquire or create the estate or interest or mortgage thereon covered by this Commitment. In no event shall such liability exceed the amount stated in Schedule A for the policy or policies committed for and such liability is subject to the insuring provisions and Conditions and Stipulations and the Exclusions from Coverage of the form of policy or policies committed for in favor of the proposed Insured which are hereby incorporated by reference and are made a part of this Commitment except as expressly modified herein.

4. This Commitment is a contract to issue one or more title insurance policies and is not an abstract of title or a report of the condition of title. Any action or actions or rights of action that the proposed Insured may have or may bring against the Company arising out of the status of the title to the estate or interest or the status of the mortgage thereon covered by this Commitment must be based on and are subject to the provisions of this Commitment.

| ![First American Title logo] **First American Title**™ | **Commitment for Title Insurance** |
|---|---|
| | ISSUED BY |
| | **First American Title Insurance Company** |
| **Schedule A** | File No.: 14-1948. |

### NOTICE TO CONSUMERS

*Please read the exceptions and the terms shown or referred to herein carefully. The exceptions are meant to provide you with notice of matters that are not covered under the terms of the title insurance policy and should be carefully considered. This report is a written representation as to the condition of title for purposes of providing title insurance and lists all liens, defects, and encumbrances filed of record within the last thirty (30) years that have not been released of record or that are not statutorily expired. No title insurance agent or any other person other than a licensed Arkansas attorney may provide legal advice concerning the status of title to the property described in the title commitment.*

---

1. Effective Date: November 19, 2014 at 7:30AM

2. Policy (or Policies) to be issued          **AMOUNT**

    a. ☒ ALTA Owner's Policy of Title Insurance (6-17-06)

                     $3,999,104.00

    Proposed Insured: **Blackburn Properties of Texas, Ltd**

    b. ☒ ALTA Loan Policy of Title Insurance (6-17-06):

                     $

    Proposed Insured: **TBD, TBD, an Arkansas Corporation.**

3. The estate or interest in the land described or referred to in this Commitment is
   Fee Simple

4. Title to the Fee Simple estate or interest in the land is at the Effective Date vested in:
   Craighead County Fair Association, Inc, an Arkansas Corporation.

5. The land referred to in this Commitment is described as follows:

Lot 9R of Replat of Lot 9 of FloyRed Commons, Jonesboro, Arkansas, as shown by plat recorded in Plat Cabinet "C" page 234 at Jonesboro, Arkansas, subject to Declaration of Restrictive Covenants and Easement Agreement in Document #JB2012R-001582 at Jonesboro, Arkansas, subject to Maintenance Agreement for Stormwater Management Facilities recorded in Document #JB2011R-007259 and Document #JB2013R-003700 at Jonesboro, Arkansas, and to easements as shown on recorded plat, and subject to easements, restrictions, reservations and rights of way of record.

| *First American Title*™ | Commitment for Title Insurance |
| --- | --- |
| | ISSUED BY |
| | First American Title Insurance Company |
| **Schedule BI** | File No.: 14-1948. |

## REQUIREMENTS

The following requirements must be satisfied:

1. Payment of the necessary consideration for the estate or interest to be insured.

2. Pay all premiums, fees and charges for the policy.

3. You must tell us in writing the name of anyone not referred to in this commitment who will get an interest in the land or who will make a loan on the land. We may make additional requirements or exceptions relating to the interest of the loan.

4. Documents creating the estate or interest to be insured, must be properly executed, delivered and recorded, as follows:

5. Record properly executed Warranty Deed from Craighead County Fair Association, Inc, an Arkansas Corporation, vesting Fee Simple title in Blackburn Properties of Texas, Ltd.

6. Partial Payoff and obtain partial release of Mortgage executed by Craighead County Fair Association, Inc., to Focus Bank, dated October 12, 2011, filed October 21, 2011 at 1:46 P.M., and recorded in Document #JB2011R-016028 at Jonesboro, Arkansas, in the original principal amount of $7,500,000.00.

7. Partial payoff and obtain partial release of Mortgage executed by Craighead County Fair Association Inc., to Focus Bank, dated September 6, 2012, filed September 14, 2012 and recorded in Document #JB2012R-015653 at Jonesboro, Arkansas, in the original principal amount of $2,799,978.68. Assignment of Rents recorded in Document #JB2012R-015654.

8. Obtain Approval from the Bankruptcy Court to sell property.

9. 2013 Taxes are exempt. (Parcel #01-144282-04900).

| **First American Title**™ | **Commitment for Title Insurance** |
|---|---|
| | ISSUED BY |
| | **First American Title Insurance Company** |
| **Schedule BII** | File No.: 14-1948. |

## EXCEPTIONS

The policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

2. Any facts, rights, interests, or claims that are not shown by the public records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the land.

3. Easements, liens or encumbrances, or claims thereof, not shown by the public records.

4. Any lien, or right to a lien, for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

5. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the title that would be disclosed by an accurate and complete land survey of the land and not shown by the public records.

6. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the public records.

7. Any discrepancies or conflicts in boundary lines, any shortages in area, or any encroachment or overlapping of improvements.

8. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

9. Any road right-of-ways, easements, restrictions or Bill of Assurance affecting said property.

10. This policy does not insure to the amount of acreage in the legal description.

11. Loss arising from oil, gas, or other minerals, conveyed, retained, assigned or any other activity caused by the sub-surface rights or ownership, including but not limited to the right of ingress or egress for said sub-surface purposes.

12. Loss arising from security interest evidenced by financing statements filed of record, as of the effective date hereof, under the Arkansas Uniform Commercial Code and Judgment Liens and other liens of record in any United States District Court or Bankruptcy Court in the State of Arkansas, as of the effective date hereof.

13. State and County or General Taxes for the year 2014, and subsequent years.

14. Easements and setback lines as shown by Plats recorded in Plat Cabinet "C" pages 214, 221 and 234 at Jonesboro, Arkansas.

15. Right-of-way easement executed by Craighead County Fair Grounds Association to Arkansas Louisiana Gas Company, dated October 25, 1965, and recorded in Deed Record 164 page 105 at Jonesboro, Arkansas.

(CONTINUED)

16. Easement-Utility Lines executed by J. W. Werner and Helen K. Werner, his wife, to City Water & Light Plant of Jonesboro, Arkansas, dated July 10, 1968, and recorded in Deed Record 170 page 643 and Deed Record 164 page 106 at Jonesboro, Arkansas.

17. Declaration of Private Street Easement and Maintenance Agreement recorded in Document #JB2011R-012011 at Jonesboro, Arkansas.

18. Restrictions contained in Declaration of Restrictive Covenants and Easement Agreement recorded in Document #JB2012R-001582 at Jonesboro, Arkansas.

19. Maintenance Agreement for Stormwater Management Facilities recorded in Document #JB2011R-007259 and Document #JB2013R-003700 at Jonesboro, Arkansas.

# FIRST AMENDMENT TO EARNEST MONEY CONTRACT
# BETWEEN
# CRAIGHEAD COUNTY FAIR ASSOCIATION, INC, AS SELLER
# AND
# BLACKBURN PROPERTIES OF TEXAS, LTD, AS BUYER

This First Amendment to Earnest Money Contract between CRAIGHEAD COUNTY FAIR ASSOCIATION, INC, a Texas limited partnership ("Seller"), and BLACKBURN PROPERTIES OF TEXAS, LTD, a Texas limited partnership ("Buyer"), (the "First Amendment") is made and entered into this ____ day of June, 2015.

WHEREAS, Seller and Buyer entered into that certain Earnest Money Contract (the "Contract") dated effective November 18, 2014 for the purchase of an approximate 11.74 acre tract at the southeast corner of Fairpark Boulevard and Parkwood Road in Jonesboro, Craighead County, Arkansas (the "Property"); and

NOW, THEREFORE, in consideration of this Amendment, the Contract, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. Section 8.2 of the Contract shall be amendment to add that the Buyer may also extend the Examination Period for an additional three (3) thirty (30) day period upon the deposit of an additional Five Thousand and no/100 Dollars ($5,000.00) for each thirty day extension (the "Second Additional Earnest Money") with the Title Company. The Second Additional Earnest Money shall be deemed earned by Seller and shall be the property of Seller unless Seller is in default, and shall be applied to the purchase price at Closing.

2. Miscellaneous.

    2.1 Conflict. The parties do hereby ratify and confirm the terms and provisions of the Contract, as herein amended. To the extent, if any, that the terms and conditions of this First Amendment conflict with the terms and conditions of the Contract, the Contract is amended accordingly, and the terms and conditions of this First Amendment shall control.

    2.2 Defined Terms. The defined terms used herein shall have the same meaning as in the Contract except as otherwise provided for herein.

    2.3 Multiple Counterparts. Facsimile signatures appearing hereon shall be deemed to be originals; and this First Amendment may be executed in two or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

**BUYER:**



EXHIBIT B

BLACKBURN PROPERTIES OF TEXAS, LTD
By: PKB Properties of Texas, LC, its general partner

By: _____
Paul K. Blackburn, Sole Manager


**SELLER:**

CRAIGHEAD COUNTY FAIR ASSOCIATION, INC, an Arkansas corporation


By: _____


Receipt of this First Amendment is acknowledged the _____ day of June, 2015.

BEACH ABSTRACT & GUARANTY COMPANY

By: _____
    Name: _____
    Its: _____


<u>NOTICE TO TITLE COMPANY</u>. Upon receipt, please deliver a dated and executed copy of this Earnest Money Contract to Kercheville & Badger, PC., Attn: Marlise A. Kercheville, 13750 San Pedro Ave, Suite 700, San Antonio, Texas 78232.

R:\16000-16005.0100 Jonesboro Project\0101 Fairgrounds Purchase\1st Amendment EMC.doc

FIRST AMENDMENT TO EARNEST MONEY CONTRACT          PAGE 2 OF 2
PAGES