IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

IN RE:
CRAIGHEAD COUNTY FAIR ASSOCIATION,   CASE NO. 3:14-bk-15490
    DEBTOR   CHAPTER 11

### ORDER CONFIRMING CREDITOR'S PLAN OF LIQUIDATION

On July 9, 2015, a hearing was held on confirmation pursuant to 11 U.S.C. §1129 of Creditor Focus Bank's Chapter 11 Plan of Liquidation ("Plan")(Doc. 64). Focus Bank, the plan Proponent, was represented through its authorized representative Brent Martin and its counsel, Judy Simmons Henry and Kimberly W. Tucker, Wright, Lindsey & Jennings LLC. Also appearing for Focus Bank was its counsel of record in related state court litigation, James William McLeod, Jay McLeod Law Firm, PLLC. Warren Dupwe appeared as counsel for Vance Construction Solutions, LLC, Vance Construction Properties, Inc., and Jones Overhead Door, LLC. Richard L. Ramsay appeared in the case at the request of Focus Bank since he was the initially named Distribution Agent under the Plan and had consented to serve in this capacity if the Plan was confirmed.

At the hearing, counsel for Focus Bank announced that an agreement had been reached with counsel for certain creditors requesting certain notice and opportunity to object related to the realtor(s) selected for the sale of the New Fairground (as defined in the Plan) and to the fees and cost of the Distribution Agent as more fully set forth below.

1266460-v1

Upon due consideration of the matters before it, and having considered the Plan (Doc. 64), the Disclosure Statement (Doc. 63), the Order Approving the Disclosure Statement to Accompany Creditor's Chapter 11 Plan of Liquidation (Doc. 71), the Certificate of Mailing (Doc. 77), the Ballot Summary and Tabulation of Ballots ("Summary") (Doc. 85), statements of counsel, the testimony of Brent Martin, the entire case record, and all other evidence and proof before the Court, and for the reasons set forth at the conclusion of the hearing which are incorporated herein, the Court **HEREBY FINDS AND ORDERS AS FOLLOWS:**

A. The confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L). The Court can enter a final and dispositive order concerning the Plan and matters related thereto pursuant to 28 U.S.C. §§ 157(b) and 1334.

B. The Debtor is eligible as a Debtor under 11 U.S.C. § 109, and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. On May 14, 2015, this Court entered its Order approving the Disclosure Statement, setting voting and objection deadlines, and scheduling a hearing on the confirmation of the Plan (Doc. 71) ("Disclosure Statement Order").

D. On May 22, 2015, the Disclosure Statement with the Circuit Court Order, the Plan, and proper ballots were transmitted and served in compliance with 11 U.S.C. § 1126(b) and in accordance with the procedures established by the Disclosure Statement Order.

E. Due, proper, timely, sufficient and adequate notice of the Plan and the Confirmation Hearing, together with deadlines for voting on and filing objections to

the Plan has been given to all holders of claims and/or interests and other parties in interest in accordance with the procedures established by the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable laws, rules and regulations, and in satisfaction of applicable due process considerations. The Court finds that such notice was adequate, sufficient and appropriate in accordance with Federal Rules of Bankruptcy Procedure 2002(b), 3017(d) and 3017(e).

  F. The solicitation by Focus Bank of votes on the acceptance or the rejection of the Plan was conducted in good faith and complied with 11 U.S.C. §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018 and all other applicable provisions of the Bankruptcy Code and all other applicable laws, rules, and regulations.

  G. The procedures by which the ballots to accept or reject the Plan (a) were distributed to holders of Claims against and interest in the Debtor, and (b) were tabulated, were fair, properly conducted, and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court and all other applicable laws, rules, and regulations and as set forth in the Disclosure Statement Order.

  H. No objections to confirmation of the Plan were filed and the informal objections of Bailey Contractors, Inc., RGB Mechanical Contractors, Inc. and Adams & Cooper Pluming Co., Inc. by their counsel David Grace requesting notice and an opportunity to object to the realtor(s) selected for the sale of the New Fairground (as

defined in the Plan) and to the fees and cost of the Distribution Agent have been resolved with the Distribution Agent sending information notice to Class 2 creditors and allowing a straight ten (10) day response time. If an objection is made to the informal notice, the Distribution Agent will attempt to resolve the objection with the responding Class 2 creditor. If the objection cannot be resolved, the Distribution Agent will file an application or motion with the Court seeking a ruling on the realtor(s) selected or the fees and costs of the Distribution Agent. This notice and objection procedure does not materially adversely affect other creditors.

      I.      The Plan properly classifies creditors into appropriate classes as required under 11 U.S.C. § 1122 and provides for the appropriate treatment of each holder of a claim or interest of a particular class. The designation in the Plan of the Classes as impaired is proper and in conformity with the provisions of the Bankruptcy Code, including 11 U.S.C. § 1123(a)(2) and (3)

      J.      The Plan complies with the applicable provisions of the Bankruptcy Code, and meets the requirements of 11 U.S.C. §1129(a)(1).

      K.      Focus Bank as the proponent of the Plan, has complied with all applicable provisions of the Bankruptcy Code in connection with the preparation and presentation of the Plan, in compliance with 11 U.S.C. § 1129(a)(2).

      L.      The Plan has been proposed in good faith and not by any means forbidden by law and complies with 11 U.S.C. § 1129(a)(3).

M. The Plan appropriately provides for all payments for services in connection with the Chapter 11 Case be subject to Court approval as reasonable and therefore satisfies 11 U.S.C. §1129(a)(4).

N. The Plan and Disclosure Statement comply with 11 U.S.C. §1129(a)(5), by virtue of the disclosure in the record of the identity of the individual proposed to serve, after confirmation, as the Distribution Agent.

O. The requirements of 11 U.S.C. §1129(a)(6) are not applicable to the Plan because the Debtor is not subject to any regulatory commission with jurisdiction over the rates of the Debtor.

P. The Plan complies with 11 U.S.C. §1129(a)(7) because each holder of a claim or equity interest under the Plan has either (a) accepted the Plan, or (b) will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than that claimant or equity holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code. The members of Classes 1, 2, and 4 have accepted the Plan. The requirements of §1129(a)(7) are satisfied as to all other claimants or interest holders, because the distribution is not less than they amount they would receive or retain if the Debtor were liquidated under chapter 7.

Q. The treatment of administrative claims and priority tax claims, if any, under the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(9).

R. As evidenced by the filed Summary,[1] at least two-thirds in amount and more than one half in number of the holders of claims and interests in impaired Classes 1, 2 and 4 who timely and properly submitted ballots, accepted the Plan.[2] No ballots were received from Class 3 Claimants (as there are no Class 3 creditors) and Class 5 interest holders are deemed to have rejected the Plan. The Court concludes that the Summary of the voting is in accordance 11 U.S.C. § 1126 and, therefore, the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(10).

S. The Plan is feasible and satisfies the requirements of 11 U.S.C. § 1129(a)(11). The Plan provides for an orderly liquidation and disposition of the Debtor's assets and provides a mechanism to distribute the proceeds to the holders of allowed claims.

T. The Plan provides for payment in full of all allowed administrative claims, which includes U.S. Trustee Fees arising under 28 U.S.C. § 1930 and thus satisfies the 11 U.S.C. § 1129(a)(12).

U. The requirements of 11 U.S.C. § 1129(a)(13),(14),(15) are not applicable to the Debtor or the Plan.

V. To the extent of 11 U.S.C. § 1129(a)(16) is applicable, the Plan meets the requirements of 11 U.S.C. § 1129(a)(16).

---

[1] In the Summary, the first creditor listed in Class 2 is "Carl K. Valentine." Although the ballot was completed and served with this creditor name, Focus Bank's counsel announced that the actual creditor of this claim is "W.A. Stewart Electric Co., Inc." This correction of creditor name does not impact the filed Summary, the tabulation of voting or the confirmation process.

[2] Focus Bank's counsel announced at the hearing that after the deadline to submit ballots and after the Summary was filed, the ballot for Class 2 creditor, Barker Bros. Asphalt and Paving, Inc., was served. This Class 2 ballot reflected an acceptance vote for the Plan and a claim amount of $304,343.10. Therefore, all Class 2 ballots cast were in favor of the Plan, and Class 2 is accepting of the Plan whether or not this ballot is counted in number or amount for purposes of tabulation.

W. The proponent of the Plan has complied with, all applicable provisions of the Bankruptcy Code, and the Plan satisfies all provisions of 11 U.S.C. § 1129(a), except § 1129(a)(8) as to the Class 5 interest holders, if any in this non-profit Debtor, and therefore, Focus Bank has requested that the Plan be confirmed under §1129(b).

X. Classes 1, 2 and 4 which are impaired and entitled to vote on the Plan, have voted to accept the Plan.

Y. The Plan does not discriminate unfairly and is fair and equitable with respect to the Class 5 interest holders under 11 U.S.C. §1129(b).

Z. The Plan is a liquidating plan and the Class 5 interests will receive or retain on account of such interest property of a value as of the effective date of the Plan, equal to the greatest of the allowed amount of any fixed liquidation preference to which such holder is entitled.

AA. There is no holder of any interest that is junior to the interest of Class 5 that will receive or retain anything under the Plan.

BB. The Plan meets the requirements for confirmation under 11 U.S.C. § 1129(b).

**WHEREFORE IT IS ORDERED, ADJUDGED AND DECREED as follows:**

1. All conditions precedent for confirmation of the Plan have occurred.

2. The Plan filed by Focus Bank on March 25, 2015, including the procedure set forth above related to the Distribution Agent's selection of a realtor(s)

as to the New Fairground and the fees and costs of the Distribution Agent, be and the same is hereby, confirmed subject to the terms and provisions of this Order

3. Richard L. Ramsay is appointed as Distribution Agent under the Plan and shall be vested with the authority as set forth in the Plan.

4. Upon agreement, the Distribution Agent shall provide informal 10 days' notice, by letter or e-mail, to holders of Class 2 Claims or their counsel of the following matters:

(a) the selection of a proposed realtor(s) to market the New Fairgrounds, and

(b) the fees and costs of the Distribution Agent.

In the event any Class 2 creditor objects to the realtor or the fees and costs within ten (10) straight days and the parties are not able to resolve any objection, the Distribution Agent shall file an application or motion in this Court to hire his proposed realtor or to have his fee application approved.

5. This Court specifically reserves and retains jurisdiction to address such matters as may be properly vested to this Court in connection with the implementation, consummation, or administration of the Plan as confirmed hereby.

6. A copy of the confirmed Plan is attached to this Order.

**IT IS SO ORDERED.**

_/s/ Phyllis M. Jones_
Phyllis M. Jones
United States Bankruptcy Judge
Dated: 07/20/2015

APPROVED BY:


By:/s/ Richard L. Ramsay_____
Richard L. Ramsay
124 West Capitol Avenue, Suite 1900
Little Rock, AR 72201
rick.ramsay@elhlaw.com; cramsay@elhlaw.com
(501) 376-4531 Fax (501) 376-8433

*Plan Distribution Agent*

UNITED STATES TRUSTEE
Office of the United States Trustee
200 W. Capitol, Ste 1200
Little Rock, AR  72201

By: /s/ Joseph A. DiPietro_____
     *Attorney for United States Trustee*


WARREN E. DUPWE, P.A.
300 W. Jefferson Ave., Ste 1
Jonesboro, AR  72401-2751

By: /s/ Warren E. Dupwe_____
     Warren E. Dupwe
      *Attorneys for Vance Construction Solutions, LLC;*
      *Vance Construction Properties, Inc.; and*
      *Jonesboro Overhead Door, LLC*

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR  72201-3699
Phone:  (501) 371-0808
FAX:    (501) 376-9442
Email:  jhenry@wlj.com

By: /s/ Judy Simmons Henry_____
     Judy Simmons Henry (84069)
     Kimberly Wood Tucker (83175)
     *Attorneys for Focus Bank*

1266460-v1                               9