IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

IN RE: CRAIGHEAD COUNTY FAIR  　　　　　CASE NO. 3:14-bk-15490
ASSOCIATION, DEBTOR　　　　　　　　　　　　　　　　CHAPTER 11

## APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES

Focus Bank, by and through its undersigned counsel, hereby files this Application (the "Application") pursuant to sections 503(b)(3), 503(b)(4), and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") for allowance of an administrative expense claim in the aggregate amount of $38,035.89 (the "Administrative Claim"), representing reasonable legal fees in the amount of $36,473.00 plus $1,562.89 in expenses incurred in making a substantial contribution in this Chapter 11 case. In support of the Application, Focus Bank respectfully states as follows:

1.　　Debtor, Craighead County Fair Association, filed its Chapter 11 petition on October 13, 2014. Other than filing a motion for approval of a potential sale of a portion of certain real property, Debtor took no substantive action in this case, allowing the exclusivity period to expire without filing a plan of reorganization. The case was not progressing.

2.　　In order to move the Chapter 11 case to timely resolution, on March 25, 2015, Focus Bank filed its Creditor's Plan of Liquidation ("the Plan") and Disclosure Statement (the "Disclosure Statement") providing for an orderly liquidation of the Debtor's assets through a distribution agent and a mechanism to determine priority disputes if liquidation of the collateral in which various creditors

1271880-v1

held competing liens resulted in less than the amount required to pay all secured claims in full. Focus Bank received one informal objection to the Disclosure Statement which was resolved by agreement, and on May 14, 2015, an order was entered approving the Disclosure Statement, setting voting and objection deadlines and scheduling a hearing on the Confirmation of the Plan (the "Disclosure Statement Order").

3. On May 22, 2015, Focus Bank mailed copies of the Disclosure Statement Order, the Disclosure Statement and Ballots to all creditors and parties in interest thereafter and conducted an informational creditor meeting in Jonesboro regarding the Plan which was attended by numerous creditors and attorneys.

4. Creditors voted overwhelmingly in favor of the Plan, and the confirmation hearing was held on July 9, 2015. The order confirming the Plan was entered on July 20, 2015.

5. On July 21, 2015, the order establishing bar dates for filing proofs of claim and administrative expenses requests was entered. As directed by the Court, Focus Bank mailed a copy of the Notice of Deadline for Filing Proofs of Claim and Administrative Expense Requests to all known creditors and parties in interest as reflected on the debtor's mailing matrix and to all attorneys who had entered an appearance in the case.

6. Focus Bank requests reimbursement of its attorneys' fees and expenses as set forth on Exhibit A hereto because such fees and expenses were incurred making a substantial contribution to this chapter 11 bankruptcy case in

1271880-v1

formulating a plan of liquidation for the sale of the Debtor's assets and payment to creditors. Specifically, Focus Bank incurred attorneys' fees in connection with (i) formulating and drafting a Disclosure Statement and confirmable Plan; (ii) working with other creditors and parties in interest to obtain agreement on a confirmable plan; (iii) obtaining confirmation of the Plan; and (iv) facilitating implementation of the Plan. Focus Bank seeks an administrative claim in the amount of $36,473.00 and costs in connection with confirmation and implementation of the Plan totaling $1,562.80.

7. This Court has ample authority to authorize the payment of fees and expenses incurred by Focus Bank in connection with the Plan and its implementation under the requirements of sections 503(b)(3), 503(b)(4), and 105(a) of the Bankruptcy Code. Section 503(b)(3) of the Bankruptcy Code provides that a creditor's claim shall be allowed, as an administrative claim, for actual and necessary expenses incurred by the creditor in making a "substantial contribution" in a chapter 11 case. Specifically, section 503(b)(3)(D) of the Bankruptcy Code provides, in pertinent part:

> (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—
> ...
> > (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—
> >
> > > (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed undersection 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title.

3

1271880-v1

11 U.S.C. § 503(b)(3)(D).

8. In addition, section 503(b)(4) of the Bankruptcy Code provides that a creditor shall be allowed, as an administrative expense, reasonable attorneys' fees and expenses incurred in making a substantial contribution in a chapter 11 case. Specifically, section 503(b)(4) provides, in pertinent part:

> (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—
> …
>
> (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

11 U.S.C. § 503(b)(4).

9. Although "substantial contribution" is not defined by the Bankruptcy Code, the test is "whether the services substantially contributed to a successful result, that is, an actual and demonstrable benefit to the debtor's estate, the creditors, and to the extent relevant, the stockholders." *Flight Transp.*, 874 F.2d at 582 (quoting *In re Jensen—Farley Pictures, Inc.*, 47 B.R. 557, 569 (Bankr. D. Utah 1985)). Thus, a substantial contribution is one that fosters and enhances the progress of reorganization rather than retards it. *Flight Transp.*, 874 F.2d at 583.

10. A creditor's motivation is not relevant to whether the creditor can recover fees and expenses under § 503(b) and other courts of appeals have rejected a substantial contribution analysis that considers the creditor's self-interest. *See Speights & Runyan v. Celotex Corp. (In re Celotex Corp.)*, 227 F.3d 1336, 1338 (11th

4

Cir. 2000); *Hall Fin. Grp. v. DP Partners, Ltd. P'ship (In re DP Partners Ltd. P'ship)*, 106 F.3d 667, 673 (5th Cir. 1997); *Cellular 101, Inc. v. Channel Commc'ns, Inc. (In re Cellular 101, Inc.)*, 377 F.3d 1092, 1097-1098 (9th Cir. 2004) (any concern that creditors benefitted from their own efforts was "outweighed by the extent of the benefit those efforts conferred on the estate").

11. Focus Bank has diligently reviewed its attorneys' fees and costs in connection with this case and requests administrative expense reimbursement for only those fees and costs totaling $38,035.89 itemized in Exhibit A that made a substantial contribution to the creditor body as a whole and which represent the same type of expenses normally incurred by a Debtor in proposing its own plan. The fees and expenses sought in connection with the Plan set forth on Exhibit A are the actual, necessary and reasonable fees and expenses for the substantial contribution made to the Debtors' estate and its creditors.

WHEREFORE, Focus Bank requests that its request for payment of administrative expenses for attorneys' fees and costs incurred in the amount of $38,035.89 and for all other proper relief to which it is entitled.

> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, AR 72201
> Telephone: 501-371-0808
> Fax: 501-376-9442
> Email: jhenry@wlj.comj
>
> By: /s/ Judy S. Henry
> Judy Simmons Henry (84069)
> Kimberly Wood Tucker (83175)
> *Attorneys for Focus Bank*

5

1271880-v1

## CERTIFICATE OF SERVICE

    I hereby certify that on September 14, 2015, a copy of the foregoing was filed and will be sent via CM/ECF transmission to all registered participants.

                                            /s/ Judy V. Henry
                                            Judy Simmons Henry

1271880-v1